IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:25-260 |
| | ) | 18 U.S.C. § 1347 |
| v. | ) | 18 U.S.C. § 24(b) |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | 28 U.S.C. § 2461(c) |
| TINA ARMSTRONG | ) | |
| SAFE AT HOME MEDICAL | ) | |
|    EQUIPMENT AND SUPPLIES | ) | **INDICTMENT** |

## BACKGROUND

At all times relevant to this Indictment:

1.  TINA ARMSTRONG owned and operated SAFE AT HOME MEDICAL EQUIPMENT AND SUPPLIES, LLC (SHME), a designated Provider of Medicare and Medicaid in South Carolina. The primary business location of SHME was in Dillon County, South Carolina.

## THE MEDICARE PROGRAM

2.  The Medicare Program was a federally funded program that provided health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services (HHS), through its agency, the Centers for Medicare and Medicaid Services (CMS), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

3.  Medicare programs covering different types of benefits were separated into different program "parts." Part B of the Medicare Program covered, among other things, medically necessary and reasonable Durable Medical Equipment (DME), such as oxygen equipment, wheelchairs, and hospital beds. These items were provided to beneficiaries. Medicare required a

1

face-to-face encounter and a Written Order from a physician certifying the beneficiaries met the coverage criteria prior to the Delivery of specified medical equipment. Medicare also required recertification that the beneficiaries continued to exhibit a medical need of specified medical equipment.

   4. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), in that it was a public plan affecting commerce under which medical benefits, items, and services were provided to individuals and under which individuals and entities who provided medical benefits, items, or services, could obtain payments. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f).

## MEDICAID

   5. Medicaid provided health coverage to millions of eligible low-income adults, children, pregnant women, elderly adults, and people with disabilities.

   6. The South Carolina Department of Health and Human Services (hereinafter "SCDHHS") administered the South Carolina Medicaid program on behalf of HHS. The Medicaid program in South Carolina is jointly funded by the federal government and the State of South Carolina.

   7. The South Carolina Medicaid program covered, among other things, medically necessary and reasonable DME such as oxygen equipment, wheelchairs, and hospital beds that were provided to Medicaid beneficiaries. The South Carolina Medicaid program required a Medicaid Certificate of Medical Necessity (MCMN) to be filled out by the ordering physician for medical equipment. MCMNs were valid for a maximum of twelve months.

   8. Medicaid is a "heath care benefit program," as defined by Title 18, United States Code, Section 24(b).

## CAPPED RENTAL PAYMENTS

9. For certain DME, such as hospital beds, Continuous Positive Airway Pressure (CPAP) devices, and wheelchairs, Medicare paid the fee schedule amounts on a monthly rental basis not to exceed a period of continuous use of fifteen months. In the tenth month of rental, the beneficiary was given a purchase option, and the supplier was required to notify Medicare of the election. If the option was exercised, Medicare continued to pay for the DME for thirteen months. After the thirteen-month period, ownership was transferred to the beneficiary. When the beneficiary owned the equipment, they were charged their coinsurance by the DME company <u>whenever</u> the equipment was reasonably and necessarily maintained and serviced.

10. If the beneficiary elected not to purchase the equipment, Medicare would continue to pay the DME company until the fifteen-month cap was reached. After the fifteen-month period, the DME company-maintained ownership of the equipment but was required to continue to provide the item/s to the beneficiary without any charge, other than the maintenance and service fee coinsurance (<u>limited to twice per year</u>), until the medical necessity ended. Medicare did not pay maintenance and servicing during the rental periods.

11. SCDHHS capped the rental period for certain equipment at ten months. Certain items were considered purchased by Medicaid after ten months of rental payments.

## OXYGEN EQUIPMENT

12. The reasonable useful lifetime for oxygen equipment was five years. Reimbursement for oxygen equipment was limited to thirty-six monthly rental payments. Payment for accessories, delivery, back-up equipment, maintenance, and repairs was included in the rental payment. There was no further payment for oxygen equipment rental during the five-year reasonable useful lifetime after the thirty-sixth month. The supplier who provided the equipment

3

during the thirty-sixth rental month was required to continue to provide the accessories, contents, maintenance, and repair during the five-year lifetime of the equipment. There were exceptions if the equipment was lost, stolen, or damaged beyond repair.

## THE SCHEME AND ARTIFICE

13. Beginning in or around January 2021, until in or around January 2024, in the District of South Carolina, and elsewhere, TINA ARMSTRONG, through SHME, fraudulently submitted and caused to be submitted claims to Medicare Part B and South Carolina Medicaid for DME that beneficiaries did not have or continued to bill for equipment beyond the allowed period for the equipment.

14. In some instances, the beneficiaries' DME was returned to SHME, and claims were submitted for periods the beneficiaries did not have the equipment.

15. In some instances, the ordering physicians listed on SHME claims for DME had not ordered the DME for the beneficiaries.

16. In some instances, after the thirty-six-month rental period ended for oxygen equipment with a five-year useful lifetime, TINA ARMSTRONG, through SHME, submitted claims for the period immediately following the thirty-sixth month. Several were denied payment. After a break of several months, TINA ARMSTRONG, through SHME, submitted claims which were paid; however, the service dates were still within the five-year useful lifetime of the equipment.

17. In some instances, TINA ARMSTRONG, through SHME, submitted claims many months after the dates of service indicated on the claims and SHME was unable to provide supporting records that the beneficiaries had the DME.

18. In some instances, TINA ARMSTRONG, through SHME, submitted claims after

4

beneficiaries had died for periods the beneficiary did not have the equipment or for periods in which SHME had already been paid.

## PURPOSE OF THE SCHEME AND ARTIFICE

19.     It was the purpose of the scheme and artifice for TINA ARMSTRONG to unlawfully enrich herself by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; and (c) diverting the proceeds of the false claims to her personal use and benefit.

20.     As a result of the submission of such false and fraudulent claims, TINA ARMSTRONG caused health care benefit programs to make payments to SHME.

21.     TINA ARMSTRONG then transferred and disbursed or caused the transfer and disbursement of fraudulent proceeds to herself and others.

22.     As a result of the submission of false and fraudulent claims, TINA ARMSRONG caused health care benefit programs to make fraudulent disbursement to SHME in the amount of approximately $82,383.90.

## COUNT 1

THE GRAND JURY CHARGES:

23.    Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

24.    On or about November 15, 2021, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 121319801597000, through SHME, for a hospital bed (E0260), in the amount of $483.80, when beneficiary P.W. had returned the bed on or about June 28, 2021, and no longer possessed it;

In violation of Title 18, United States Code, Section 1347.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

25.     Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

26.     On or about August 9, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 123221757979000, through SHME, for a hospital bed (E0260), in the amount of $523.80, when beneficiary P.W. (who died May 30, 2023) had returned the bed on or about June 28, 2021, and no longer possessed it;

In violation of Title 18, United States Code, Section 1347.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

27. Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

28. On or about October 8, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 121281756742000, through SHME, for an oxygen concentrator (E1390) and portable oxygen system (E0431), in the amount of $688.53, when beneficiary J.J. had returned the equipment on or about May 16, 2022, and no longer possessed it;

In violation of Title 18, United States Code, Section 1347.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

29.     Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

30.     On or about August 17, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 1232297452060000, through SHME, for an oxygen concentrator (E1390) and portable oxygen system (E0431), in the amount of $688.53, when beneficiary J.J. had returned the equipment on or about May 16, 2022, and no longer possessed it;

In violation of Title 18, United States Code, Section 1347.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

31.    Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

32.    On or about September 1, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 123244730617001, through SHME, for a home ventilator (E0466), in the amount of $5,200.00, when beneficiary A.M. had never had the equipment;

In violation of Title 18, United States Code, Section 1347.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

33.     Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

34.     On or about October 1, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 2327300249813000A, through SHME, for a home ventilator (E0466), in the amount of $4,847.24, when beneficiary A.M. had never had the equipment;

In violation of Title 18, United States Code, Section 1347.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

35. Paragraphs 1 through 22 are incorporated herein by reference as describing a scheme and artifice to defraud.

36. On or about April 27, 2022, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 1221177709600000, through SHME, for a home ventilator (E0466), in the amount of $7,800.00, for a period[1] the physician of C.W. (who died April 21, 2022) did not order the equipment;

In violation of Title 18, United States Code, Section 1347.

---

[1] For the remaining period of the fraudulent claim, SHME had already received payment on a previously submitted claim.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

37. Paragraphs 1 through 21 are incorporated herein by reference as describing a scheme and artifice to defraud.

38. On or about August 22, 2022, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 2223000769921900A to Medicaid Fee for Service, through SHME, for an oxygen concentrator (E1390) and portable oxygen system (E0431), in the amount of $421.80 for a period beneficiary W.T. (who died July 14, 2022) was deceased and for a period a Medicaid Managed Care Organization had already paid for;

In violation of Title 18, United States Code, Section 1347.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

39. Paragraphs 1 through 21 are incorporated herein by reference as describing a scheme and artifice to defraud.

40. On or about May 24, 2023, in the District of South Carolina and elsewhere, TINA ARMSTRONG, through SHME, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare and Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said benefit program, in that TINA ARMSTRONG, through SHME, submitted and caused the submission of false and fraudulent claim number 123144776255100, through SHME, for a heavy-duty hospital bed (E0303), in the amount of $1,396.00, when the mother of C.C. had paid for the bed in full in or around November 2022;

In violation of Title 18, United States Code, Section 1347.

## **FORFEITURE**

FEDERAL HEALTH CARE FRAUD:

Upon conviction for felony violation of Title 18, United States Code, Section 1347 as charged in this Indictment, the Defendants, TINA ARMSTRONG and SAFE AT HOME MEDICAL EQUIPMENT AND SUPPLIES, LLC (SHME), shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal, which constitutes, is traceable, or is derived from any proceeds the Defendants obtained, directly or indirectly, as a result of such violations.

PROPERTY:

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

> Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of $82,373.90 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of 18 U.S.C. § 1347.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

A __true__ BILL

/ _____ FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _____
Winston D. Holliday, Jr. (Fed. ID #7597)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3079
Fax (803) 254-2912
Email: Winston.Holliday@usdoj.gov